[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14466
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00010-CR-2-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY JEROME ADAWAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 16, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Jerome Adaway appeals his 24-month sentence for revocation of supervised release. He argues that the district court unreasonably exceeded the recommended guideline range of 8 to 14 months and imposed the statutory maximum. He contends that his sentence was the same length that he would have received if he had committed a serious felony instead of the misdemeanors he actually committed that led to the revocation. He asserts the district court failed to avoid unwarranted sentencing disparities with other defendants. Adaway argues that the court should have given more weight to the guideline recommendation.

We review a sentence imposed for revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106 (11th Cir. 2006). The Supreme Court has stated that when reviewing for reasonableness, courts of appeal are to apply the deferential abuse of discretion standard. Gall v. United States, 552 U.S. ___, ___, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).

The court may, after considering certain § 3553(a) factors, revoke a term of supervised release and sentence the defendant to prison. 18 U.S.C. § 3583(e)(3). The factors considered include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to afford adequate deterrence to criminal conduct; (3) protecting the public from further crimes of the defendant; (4) providing the defendant with needed

educational, vocational training, or medical care; (5) the Sentencing Guidelines range; (6) pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to victims. 18 U.S.C. §§ 3553(a)(1), (2)(B)-(D), (4)-(7), 3583(e).

When reviewing a sentence, we must first determine that the "district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at ___, 128 S.Ct. at 597. If we conclude that the district court made no procedural errors, we "should then consider the substantive reasonableness of the sentence imposed." Id.

There is a "range of reasonable sentences from which the district court may choose." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The challenger "bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." Id. The district court need not state on the record that it has explicitly considered each factor and need not discuss each factor. Id. at 786. Rather, "an acknowledgment by the district

3

court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under [United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)]." Id.

The maximum term of imprisonment for revocation of supervised release is two years where the offense that resulted in the supervised release was a Class C felony. 18 U.S.C. § 3583(e)(3). The guidelines recommend 8-14 months' imprisonment for the Grade C violations Adaway committed because of his criminal history category of VI. U.S.S.G. § 7B1.4(a).

The district court did not abuse its discretion in sentencing Adaway to 24 months' imprisonment because it considered the § 3553(a) factors, and the weight given those factors was left to its discretion.

**AFFIRMED.**